UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOLL OBUON, | CASE NO. C18-1296 RSM |
| Plaintiff, | ORDER GRANTING DISMISSAL |
| v. | |
| JUDGE RICHARD D. EADIE et al., | |
| Defendants. | |

## I.  INTRODUCTION

This matter is before the Court on several motions to dismiss filed by all Defendants. Dkts. #12, #13, and #18. In opposition, Plaintiff has generated numerous filings. Dkts. #22–36, #38–40, and #42. Several of these were noted by the Court as motions but may be better understood as opposition to Defendants' Motions. Regardless, the Court finds that this matter should be dismissed for the reasons below.[1] The Court accordingly grants Defendants' Motions to Dismiss (Dkts. #12, #13, and #18). To the extent Plaintiff's filings sought relief from this Court beyond denying Defendants' Motions, they are denied as moot (Dkts. #22–36, #38–40, and #42).

---

[1] No party has requested oral argument and the Court does not find oral argument necessary to its resolution of the Motions.

ORDER – 1

## II. BACKGROUND

Plaintiff's Amended Complaint[2] is a confusing mixture of factual allegations, statutory text, and passages from legal treatises. These sources are often intertwined in a manner that obscures the source of the information. The Court struggles to understand the background of this case, but it appears to arise from a lengthy custody dispute between Plaintiff and the mother of his child (also his former spouse). Plaintiff views the events as a grand scheme—involving bribery, evidence tampering, false representations, and more—in which all parties conspired against him to deprive him of his relationship with his daughter.

The mother of Plaintiff's child filed for dissolution some time in December 2013 and a temporary parenting plan was entered. Dkt. #4-1 at 25. Plaintiff maintains that the temporary parenting plan was entered without notice to him. Dkt. #4 at 44. Thereafter, the mother and the child—in violation of the temporary parenting plan—traveled to, and lived in, Kenya between December 2013 and July 2014. *Id.* at 40, 169–170; Dkt. #4-1 at 25. Plaintiff alleges that, despite being out of the country, the mother obtained a domestic violence protection order and harassment protection order around March 19, 2014. Dkt. #4-1 at 26. The mother also provided false claims and information that impacted the evaluation and determination of a final parenting plan. *Id.* at 51–53. A permanent parenting plan was entered around July 9, 2014. Dkt. #4 at 10,

---

[2] The State Judicial Defendants argue that the Court should not consider Plaintiff's Amended Complaint (Dkt. #4) because it was filed "without leave of the Court or agreement of the parties." Dkt. #13 at 2 n.2. The Court does not see why this is the case where Plaintiff's Complaint was filed August 31, 2018, and the Amended Complaint was filed on September 18, 2018. Dkts. #1 and #4. Plaintiff is permitted to file an amended complaint "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Nevertheless, the State Judicial Defendants have fully considered both complaints, the Court does not see any distinctions in the pleadings that would lead to divergent outcomes, and Plaintiff does not argue that there are any.

ORDER – 2

41; Dkt. #4-1 at 26. Under the original parenting plan, Plaintiff had some contact with his child until about January 8, 2015. Dkt. #4-1 at 31.

At some point the mother and third parties accused Plaintiff of "[p]hysical, sexual or a pattern of emotional abuse of a child." Dkt. #4 at 15. This included false reporting that led to Plaintiff's interaction with the Seattle Police Department ("Defendant Seattle"[3]) for a sexual abuse investigation. Dkt. #4-1 at 26. Defendant Seattle has aptly distilled Plaintiff's factual allegations related to the events of March 4, 2015, and/or March 5, 2015:

> Plaintiff claims that on March 4 [and/or 5], 2015, Defendant "[r]esponded with [d]eadly force, or lethal force, believing that [Plaintiff] was sexually abusing [Plaintiff's] seven year[] [old] daughter . . ." Plaintiff further claims that Defendant "remov[ed] [Plaintiff's] child without a court order . . ." Plaintiff also alleges that "Seattle police [h]umiliated plaintiff . . ." because Defendants "demand[] to see [Plaintiff's] hand[s] up" caused Plaintiff's blanket to fall off, resulting in Plaintiff's daughter seeing Plaintiff naked.

Dkt. #12 at 2 (citing Dkt. #4 at 46–48) (citations omitted). Plaintiff insinuates that there were criminal charges filed following the interaction. Dkt. #4 at 70. The event also led to the mother seeking a restraining order and filing a motion to amend the parenting plan on March 23, 2015. Dkt. #4-1 at 27. As a result, the King County Superior Court entered a temporary order allowing the mother to relocate to Snohomish County on April 8, 2016. *Id.* at 43; Dkt. #18 at 2. Ultimately, at some point around July 20, 2016, Judge Richard D. Eadie of the King County Superior Court ("Defendant Judge Eadie") amended the permanent parenting plan and allowed the mother to relocate Plaintiff's daughter to Snohomish County. The changes to the parenting plan negatively impacted Plaintiff because he was no longer able, without approval, to travel

---

[3] Defendant Seattle Police Department is the City of Seattle's Police Department and the City of Seattle has appeared to respond to Plaintiff's claims against its police department. Dkts. #5 and #6.

ORDER – 3

internationally with his daughter and he was restricted to visiting his daughter on weekends when he could not do so because of his work schedule. Dkt. #4 at 23; Dkt. #3 at 30–45.

Plaintiff appealed Defendant Judge Eadie's decision to the Washington State Court of Appeals, but that Court ultimately upheld the decision on November 13, 2017. Dkt. #3 at 64–72. The Court of Appeals' decision was authored by Judge Ann Schindler ("Defendant Judge Schindler"). *Id.* Plaintiff maintains that he timely appealed the Court of Appeals' decision to the Washington State Supreme Court on December 4, 2017, that he re-filed his appeal on December 29, 2017, and that he sought an extension of time to file his appeal. Dkt. #4-1 at 3, 67. This request was denied by Department II of the Washington Supreme Court on May 2, 2018, and Plaintiff's petition for review was dismissed. *Id.* Department II of the Court was composed of Chief Justice Fairhurst and Justices Madsen, Stephens, Gonzalez, and Yu (collectively, the "Washington State Supreme Court Defendants"). *Id.* Following dismissal, Plaintiff appears to have then filed a petition for review by the U.S. Supreme Court on September 18, 2018. *Id.* at 139.

Because of Plaintiff's dissatisfaction with the result of his state court case, Plaintiff initiated this action against Defendant Seattle, Defendant Judge Eadie, Defendant Judge Schindler, and Washington State Supreme Court Defendants (Defendant Judge Schindler and Washington State Supreme Court Defendants are referred to collectively as the "State Judicial Defendants"). Plaintiff alleges that "Defendants conspired to intentionally and deliberately inflict emotional distress" on Plaintiff. Dkt. #4 at 5. As a result, Plaintiff "has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation." *Id.* Further, Plaintiff alleges that he has been unsuccessful in applying to several jobs due to a criminal record resulting from the contact with Defendant Seattle. *Id.* at 144.

ORDER – 4

Due to these damages, Plaintiff alleges a broad swath of criminal and civil claims under International law, the U.S. Constitution, federal law, and various state laws. *Id.* at 6–8. These include, in part, intentional infliction of emotional distress, tampering with evidence, tampering with witnesses, speedy trial violation, tortious interference with parental rights, claims under § 1983, conspiracy against rights, defamation, solicitation to commit a crime of violence, misappropriation of name and likeness, and unjust enrichment. *See generally*, Dkt. #4.

## III. DISCUSSION

### A. Legal Standards

In considering a Federal Rule of Procedure 12(b)(6) motion, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citations omitted).

A complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a

complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 557). Absent facial plausibility, a plaintiff's claims must be dismissed.

**B. All Claims Against Defendant Seattle Are Barred by the Statute of Limitations**

Defendant Seattle argues that because all events involving it and leading to Plaintiff's claims against it all occurred on March 4 or 5, 2015, Plaintiff's 42 U.S.C. § 1983 claims are barred by the applicable statute of limitations. Defendant Seattle's Motion, supported with legal authority, correctly details that (1) 42 U.S.C. § 1983 borrows state law statutes of limitation; (2) Plaintiff's claims are subject to a three-year statute of limitations; (3) even if a 65-day tolling period was implicated,[4] Plaintiff's action would be untimely;[5] and (4) no equitable tolling doctrine should be applied in this case. Dkt. #12 at 3–6 (and authorities cited therein).

Plaintiff did not file a timely opposition to Defendant Seattle's Motion. Local Civil Rule 7 provides that a party opposing a motion shall timely "file with the clerk, and serve on each party that has appeared in this action, a brief in opposition to the motion . . . . Except for motions for summary judgement, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Defendant Seattle's Motion was noted for November 30, 2018, and Plaintiff did not make a filing

---

[4] The Court does not agree with Defendant Seattle that Section 4.92.110 of the Revised Code of Washington is implicated here. That provision applies to certain actions "commenced against the state, or against any state officer, employee, or volunteer." Wash. Rev. Code 4.92.110. Nevertheless, an equivalent provision applies to actions against Defendant Seattle. *See* Wash. Rev. Code 4.96.020(4). The Court need not consider whether the extension to the statute of limitations applies here, as it would not affect the result.

[5] On the most generous reading, Plaintiff's claims related to events occurring on March 5, 2015, would have had to be filed by May 14, 2018. Plaintiff did not file this action until August 31, 2018. Dkt. #1.

ORDER – 6

in opposition by November 26, 2018.  *See* LCR 7(d)(3).  Defendant Seattle, in its reply, attached a copy of papers received from Plaintiff but not filed with the Court.  Dkt. #17-1.  The Court need not consider the opposition Plaintiff sent Defendant Seattle.  Nevertheless, the Court does consider the response below, in the context of Plaintiff's other filings.  Suffice it to say that nothing in Plaintiff's response gives the Court pause in dismissing the action.

### C. Plaintiff's Claims Against State Judicial Defendants Are Barred

The State Judicial Defendants successfully argue that Plaintiff's claims against them[6] must be dismissed based on judicial immunity, state sovereign immunity, the *Rooker-Feldman* doctrine, and for failing to state a claim.  Dkt. #13 at 2.  For the reasons specified by the State Judicial Defendants, the Court agrees on all four points.

First, judges are immune to suits for damages or injunctive relief for claims arising out of their official duties.  Dkt. #13 at 4 (citing *Mireles v. Waco*, 502 U.S. 9 (1991) ("A long line of this court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) (holding that 42 U.S.C. § 1983 provides judicial officers immunity from injunctive relief when the common law would

---

[6] The State Judicial Defendants identify the claims against them as:

> Obuon challenges Judge Schindler's findings of fact as the crime of "rewriting evidence," Wash. Rev. Code § 9A.72.150, and the crime of fabricating evidence in violation of 18 U.S.C. § 1519. Dkt. #4 at 12, 32, 33, 61.  Obuon also alleges that Judge Schindler and the Supreme Court Justices conspired with the mother of his child and thus committed the crime of conspiracy in violation of Wash. Rev. Code § 9A.28.030.  *Id*. at 16–17.  Obuon further claims that by dismissing his late filed petition for review, the Supreme Court denied him of his right to be heard under the Washington State Code of Judicial Conduct Rule 2.6, "Ensuring the Right to be Heard."  *Id*. at 35.  To compensate him, Obuon asks this Court to award $51 million in damages for financial, reputational, emotional, and professional injuries.  *Id*. at 4.

Dkt. #13 at 3 (footnotes omitted).

ORDER – 7

not)). Plaintiff makes no allegations of conduct taken outside of the State Judicial Defendants' judicial capacity and the claims are therefore barred by judicial immunity.

Second, "[a]bsent an express waiver or a valid abrogation by Congress, a state's sovereign immunity bars a lawsuit against the state in federal court. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)." Dkt. #13 at 5. Plaintiff points to no authority to show that the State Judicial Defendants have waived immunity.

Third, Plaintiff's claims are precluded by the *Rooker-Feldman* doctrine. That doctrine prevents federal district courts from otherwise exercising jurisdiction in a narrow set of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 54 U.S. 280, 284 (2005) (quotation marks omitted). Here, Plaintiff's action clearly seeks to relitigate his child custody action and is therefore barred.

Fourth, because the cogent legal actions in Plaintiff's Amended Complaint are barred for the above reasons, Plaintiff's Amended Complaint fails to adequately plead a legal claim. Plaintiff alleges that the actions taken by the mother, third parties, and Defendants constitute various crimes and violations without showing that he may pursue a personal claim on those crimes and violations. *See generally*, Dkt. #13 at 6–7. Further, Plaintiff's factual allegations do not adequately support the crimes and violations alleged.

As discussed more thoroughly below, Plaintiff has made numerous filings[7] that can be interpreted as responses to State Judicial Defendants' Motion. But none has advanced a cogent legal argument for why this action should not be dismissed.

---

[7] Plaintiff in fact has served several opposition briefs. First, Plaintiff served, but failed to file, an opposition upon the State Judicial Defendants, who then attached a copy of that opposition to

ORDER – 8

### D. Plaintiff's Claims Against Judge Richard D. Eadie Are Barred

Plaintiff's claims against Defendant Judge Eadie also fail because of judicial immunity. Defendant Judge Eadie adopts and joins the arguments for dismissal made by the State Judicial Defendants and makes further argument for dismissal based on judicial immunity. Dkt. #18. While Defendant Judge Eadie does not establish that all the State Judicial Defendants' arguments apply equally to him,[8] the arguments related to judicial immunity and the Amended Complaint's failure to adequately plead a legal claim do. As discussed below, even considering Plaintiff's filings,[9] dismissal of Plaintiff's claims against Defendant Judge Eadie is appropriate.

### E. Plaintiff's Numerous Filings Do Not Weigh Against Dismissal

Plaintiff has made numerous and lengthy filings in this matter and has served additional papers that he did not file. Many of the filing suffer from procedural flaws, being untimely[10] or over-length,[11] are nearly incoherent or incomprehensible, and do nothing to demonstrate that this matter should not be dismissed.

---

their reply. Dkt. #16 at 7–59. The State Judicial Defendants subsequently renoted their Motion and Plaintiff made a multitude of filings that are best understood as oppositions. Specifically, and regarding State Judicial Defendants' Motion, Plaintiff filed Docket Nos. 22–30, 32, 34, 38–40, and 42. As discussed further in this Order, Plaintiff's filings do nothing to establish that this matter should not be dismissed.

[8] For instance, Defendant Judge Eadie does not provide authority demonstrating that State Judicial Defendants' state sovereign immunity argument extends to the County and its judges.

[9] Regarding Defendant Judge Eadie, Plaintiff filed Docket Nos. 23, 27, and 34, but it is unclear whether these filings oppose dismissal of Plaintiff's claims against Defendant Judge Eadie.

[10] LCR 7(d)(3) (requiring opposition filings the Monday before the noting date or the Friday before the noting date if served by mail).

[11] LCR 7(e) (briefs opposing motions to dismiss limited to twenty-four pages and no briefing exceeding twenty-four pages without leave of the Court).

ORDER – 9

In response to Defendant Seattle's Motion, Plaintiff merely argues that Defendant Seattle should be liable because it failed to adequately document the encounter with Plaintiff, the resulting report was false, and that the officers' actions were not in accordance with policy. Dkt. #17-1 at 3–4. For support, Plaintiff includes only irrelevant legal authorities and argues legal theories that are unsupported by his factual allegations. Dkt. #17-1 at 5–6. Plaintiff grasps for any legal authority that sounds as if it may benefit his case and argues, with these inapplicable authorities, that his cause of action accrued at some time other than when the damaging events took place and that the statute of limitations was tolled by inapplicable doctrines. Dkt. #17-1 at 8–14. Plaintiff's response wholly fails to respond to the arguments at issue.

Likewise, Plaintiff's opposition to State Judicial Defendant's Motion once again assembles a vast compilation of legal authorities that Plaintiff believes support his desired outcome. Dkt. #16 at 7–59. But, Plaintiff does not provide any logical argument for why doctrines developed in vastly different situations should apply to his case. Plaintiff provides the Court no assistance in connecting Plaintiff's disparate theories to the issues of this case.

Plaintiff proceeds in this manner, making numerous lengthy filings. Dkts. #22–36, #38–40, and #42. In sum, Plaintiff has filed more than 600 pages of ruminations on the injustice he believes was perpetrated against him. Many of these filings are unclear as to whether they are filed in opposition to Defendants' Motions or whether Plaintiff seeks some relief of his own. *See e.g.* Dkts. #22–24 and #26–28. But none provide a clear legal argument, much less a legal basis for this action. Plaintiff grasps at any legal authority, regardless of relevance, that appears to support his desired outcome but provides the Court with no assistance in interpreting Plaintiff's lengthy materials. If Plaintiff made a relevant legal argument in his more than 600 pages of filings, the Court could not find it.

ORDER – 10

Putting aside the procedural deficiencies, Plaintiff's filings, even cumulatively, do nothing to alter the clear outcome compelled by Defendants' Motions. This action should be dismissed. As a result, and to the extent Plaintiff's filings seek relief from this Court, the Court denies the filings as moot.

### F. The Court Does Not Grant Plaintiff Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)).

Here, Plaintiff's claims against these Defendants are clearly barred for the reasons set forth above. Plaintiff has been unable to identify or apply any legal authority that demonstrates a different outcome is possible. As doing so would be futile, the Court does not grant Plaintiff leave to amend his claims against Defendants.

### IV. CONCLUSION

Having reviewed the Motions, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant City of Seattle on Behalf of the Seattle Police Department's Motion to Dismiss Under Rule 12(b)(6) (Dkt. #12) is GRANTED.

2. State Judicial Defendants' Motion to Dismiss (Dkt. #13) is GRANTED.

3. Defendant Judge Richard D. Eadie's 12(b)(6) Motion to Dismiss (Dkt. #18) is GRANTED.

4. To the extent any of Plaintiff's filings were motions to this Court, they are DENIED as moot.

5. The Court DENIES Plaintiff leave to amend his Amended Complaint.

6. All of Plaintiff's claims are DISMISSED WITH PREJUDICE.

7. This matter is now CLOSED.

DATED this 14th day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 12