UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOLL OBUON, | CASE NO. C18-1296RSM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO ALTER OR AMEND A JUDGMENT |
| v. | |
| JUDGE RICHARD D. EADIE et al., | |
| Defendants. | |

This matter is before the Court on various filings made by Plaintiff. Dkts. #48–#49, #52–#59, and #63–#65.[1]  On February 14, 2019, the Court entered an order dismissing Plaintiff's action and denying him leave to amend his complaint and entered a judgment in conformance with that order. Dkts. #43 and #44. Plaintiff subsequently filed approximately 200 pages across these largely duplicitous filings. Most of the filings are captioned as motions for a new trial with a demand for a jury trial. Dkts. #48, #49, #52, #53, #54, #55, #56, #58, #59, #64.[2]  Plaintiff's

---

[1] On April 1, 2019, the Court received three additional filings from Plaintiff. Dkts. #66-68. The Court finds the filings untimely and has not considered them.

[2] Plaintiff's intent in filing multiple documents is unclear. Certain documents appear directed at particular Defendants. *See e.g.*, Dkt. #52 (repeating Plaintiff's claims against Defendant Seattle Police Department). Further, it is not clear that Plaintiff intended for all the filings to be treated

ORDER – 1

early filings rely on Federal Rule of Civil Procedure 59(a)–(b) as they relate to new trials. *See e.g.*, Dkt. #49. No trial was held in this case and Plaintiff's later filings rely on Rule 59(e). The Court similarly interprets Plaintiff's filings as motions to alter or amend a judgment under Rule 59(e).[3]

A motion for relief from judgment under Federal Rule of Civil Procedure Rule 59(e) should be granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted); Fed. R. Civ. P. 59(e).

Plaintiff's filings are exceedingly difficult to follow and appear to advance substantially the same arguments the Court previously rejected. The central themes of Plaintiff's filings are dissatisfaction with the Court's prior ruling and an apparent belief that he is entitled to a jury trial no matter how baseless his legal claims. As far as the Court can tell, Plaintiff points to no newly discovered evidence, has not demonstrated clear error or manifest injustice, and has not brought forth any change in the controlling law. Plaintiff's duplicitous and unsupported arguments fail for the same reasons identified in the Court's earlier Order (Dkt. #43).

---

as individual motions and several may be amended versions. *See e.g.*, Dkt. #59 (indicating "FINAL AMENDED Motion for a new trial under Rule 59 New Trial; Altering or Amending a Judgment"). Regardless, the distinction is of little use as all filings fail for the same reasons.

[3] The filings may also be considered motions for reconsideration under the Court's Local Civil Rules. LCR 7(h). But the distinction would not matter here as the standards are largely the same. *See* LCR 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.").

ORDER – 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Accordingly, the Court finds and ORDERS that all of Plaintiff's post-judgment filings (Dkts. #48–#49, #52–#59, and #63–#65) are DENIED. This matter remains CLOSED. The Clerk shall mail a copy of this Order to Plaintiff's last known address.

DATED this 2 day of April, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3