# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

TOLL OBUON,

    Plaintiff,

    v.

JUDGE RICHARD D. EADIE et al.,

    Defendants.

CASE NO. C18-1296RSM

MINUTE ORDER

    The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, Chief United States District Judge:

    On May 5, 2019, Plaintiff made six new filings in this closed matter. Dkts. #75–#80. As an initial matter, the Court need not consider any of these filings as Plaintiff has failed to sign them. LCR 10(e)(4) ("All pleadings, motions and other filings shall be dated and signed as provided by Federal Rule of Civil Procedure 11, LCR 11 . . . . The court might not consider improperly signed or unsigned documents."); FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."); LCR 11(a) ("If an original document is required to be filed with the court, any required signature thereto must also be original.").

MINUTE ORDER – 1

Further still, and perhaps more importantly, this matter is closed. Judgment in this case was entered on February 14, 2019. Dkt. #44. On April 2, 2019, the Court denied Plaintiff's various post-judgment filings. Dkt. #69. On April 23, 2019, the Court denied four more April 18, 2019 filings, noting: "Under the applicable federal rules and this Court's Local Civil Rules, the filings are untimely. *See* FED. R. CIV. P. 59(b) ("motion for a new trial must be filed no later than 28 days after the entry of judgment"); FED. R. CIV. P. 59(e) ("motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"); LCR 7(h) (motions for reconsideration disfavored and must "be filed within fourteen days after the order to which it relates is filed")." Dkt. #74 at 1–2.

The Court's earlier reasoning holds true for Plaintiff's recent filings. This case remains closed. "A final written judgment is an indication to the parties and to this court that the district court considers its task completed. Entry of a final written judgment also provides a definite date for computing the timeliness of post judgment motions and notices of appeal." *Wood v. Coast Frame Supply, Inc.*, 779 F.2d 1441, 1442–43 (9th Cir.), *amended*, 791 F.2d 802 (9th Cir. 1986). Plaintiff has unsuccessfully sought post-judgment relief and the time for seeking further relief has passed. Untimely motions in a closed case are moot and the Court need not consider them.

Accordingly, the Court will not consider the recent filings and will not respond to future filings in this action unless otherwise indicated by further order of this Court. The Clerk shall mail a copy of this Order to Plaintiff at his last known address.

DATED this 29 day of May 2019.

WILLIAM McCOOL, Clerk

By: /s/ Paula McNabb
Deputy Clerk

MINUTE ORDER – 2