UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOLL OBUON, | CASE NO. C18-1296RSM |
| Plaintiff, | ORDER |
| v. | |
| JUDGE RICHARD D. EADIE et al., | |
| Defendants. | |

This matter is before the Court on "Plaintiffs' [sic] Motion to Stay District Court Proceedings Pending Resolution of Appeal." Dkt. #88. On July 3, 2019, Plaintiff filed a notice of appeal and the Ninth Circuit Court of Appeals subsequently docketed that appeal. Dkts. #86 and #87; *Obuon v. Eadie, et al.*, No. 19-35561 (9th Cir. 2019). Plaintiff then filed his Motion to Stay and additional documents. Dkts. #88–#92. The Court has previously informed Plaintiff that this matter is closed, that his continued filings are untimely and moot, and that the Court would not consider or respond to future filings absent further order of the Court. Dkt. #81. For the reasons discussed below, the Court finds that some discussion of the Motion for Stay is

ORDER – 1

warranted under the Federal Rules of Civil Procedure.[1]  Nevertheless, finding that a stay is not appropriate, the Court denies the Motion.

Plaintiff has filed an appeal that is docketed and pending before the Ninth Circuit Court of Appeals.  Upon docketing of an appeal, the district court no longer has jurisdiction over the matter.  *See* FED. R. APP. P. 42; *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control"); FED. R. CIV. P. 62.1.  This is "designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988).  The transfer of jurisdiction is not, however, absolute and the Court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted).  This exception is consistent with Federal Rule of Civil Procedure 62, which Plaintiff's Motion to Stay invokes.  As Plaintiff's Motion has some arguable basis under the Federal Rules of Civil Procedure, the Court considers it here.[2]

Rule 62 specifically permits a district court to stay execution of a judgment or an injunction pending appeal.  FED. R. CIV. P. 62.  But even though Plaintiff's Motion to Stay is

---

[1] The Court need not consider Plaintiff's other filings.  However, for clarity, the Court will address Plaintiff's other filings by way of a separate minute order.  These filings include:
- "No Court Reporter, No Transcript" (Dkt. #89);
- "Court Refuse to allow defendant's appear in Court for deposition or to bring destroyed Court Records" (Dkt. #90);
- "Motion to amend pursuant to FRCP 52(b)" (Dkt. #91); and
- "Motion for Notice and Certificate of Appealability to Ninth Circuit Plaintiff's request for Notice and Certificate of Appealability requires on a brief" (Dkt. #92).

[2] The Court does not address the question of whether Plaintiff's notice of appeal is timely, leaving that issue for the Court of Appeals.

ORDER – 2

theoretically permissible under the rules, he does not point to any provision of Rule 62 that supports his request in this situation. Indeed, there is no need for a stay maintaining the status quo in this case because the judgment entered by the Court merely dismissed the action with prejudice. Dkt. #44. Quite simply, nothing in the judgment remains to be executed and there is nothing to stay.

Accordingly, having reviewed Plaintiff's Motion to Stay and the remainder of the record, the Court finds and ORDERS that Plaintiffs' [sic] Motion to Stay District Court Proceedings Pending Resolution of Appeal (Dkt. #88) is DENIED. The Clerk shall mail a copy of this Order to Plaintiff at his last known address.

Dated this 31 day of July, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3